# Exhibit A

FILED
ROBERT M. SPEARS
5/19/2022 11:40 AM
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

BARBARA WHITE, individually and
on behalf of other persons similarly situated,

    Plaintiff,

v.

HUNGERRUSH, LLC,

    Defendant.

Case No.: 2022-LA-0000095

**CLASS ACTION COMPLAINT**

Per Order of the Chief Judge,
this case is set for a Case Management Conference on
11/04/22 @ 9:00am in Courtroom of the 13/214
Peoria County Courthouse.
FAILURE TO ATTEND, IF THERE IS JURISDICTION,
WILL RESULT IN A DEFAULT JUDGEMENT.
Parties are to have completed or enrolled in the
Children First Program by the aforesaid CMC date.

Plaintiff Barbara White files the following Class Action Complaint against HungerRush, LLC. Plaintiff alleges the following based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.    This is an action by Barbara White ("Plaintiff") individually and on behalf of others similarly situated ("class members") to obtain damages and other equitable relief under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*. ("BIPA" or "the Act").

2.    Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of HungerRush, LLC ("Defendant").

3.    Plaintiff and class members were required to provide Defendant with their personalized biometric identifiers[1] and the biometric information[2] derived therefrom ("biometric data"). Specifically, Defendant collect and store individual's fingerprints.

---

[1]    A "biometric identifier" is any personal feature that is unique to an individual, including handprints, iris scans, DNA and "fingerprints", among others.

[2]    "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

4.      Plaintiff and class members have not been notified where their biometric data is being stored, for how long Defendant will keep the biometric data, and what might happen to this valuable information.

5.      The State of Illinois recognized the value and importance of preserving biometric data when it passed the BIPA.

6.      Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies.

7.      If Defendant insist on collecting and storing biometric data, Defendant must comply with the BIPA. This includes (1) notifying individuals that this practice is taking place; (2) informing individuals how this practice is implemented; and (3) obtaining individuals' written consent to this practice.

8.      Unfortunately for Plaintiff and class members, none of these directives were followed.

## JURISDICTION AND VENUE

9.      This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conduct business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, used and profited from Plaintiff's biometric identifiers and/or biometric information in Illinois.

10.     Venue is proper in Peoria County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Peoria County, Illinois and thus resides there under § 2-102.

## PARTIES

11.     At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

12.     Defendant HungerRush, LLC ("HungerRush") is a foreign corporation that conducts business throughout Illinois, including in Peoria County, Illinois.

## FACTUAL ALLEGATIONS

13.     Defendant HungerRush is a developer of point of sale ("POS") systems for the restaurant industry, including POS systems with a biometric fingerprint scanner that enable businesses—primarily restaurants—to track their employees' time using a fingerprint as a means of authentication, instead of using key fobs or other identification cards.

14.     Employees at restaurants that use HungerRush's POS biometric system are required to have their fingerprints scanned in order to enroll them in its fingerprint database.

15.     Defendant did not inform Plaintiff or class members in writing that their biometric data was being recorded, obtained, collected, used and/or stored.

16.     Defendant did not inform in writing Plaintiff or class members the specific purpose and length of term for which their biometric data would be captured, collected, stored, and/or used.

17.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's or class members' unique biometric identifiers and/or biometric information.

18.     Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant were directly or indirectly sharing, disclosing, or otherwise disseminating Plaintiff's or class members' biometrics.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of

the following class:

> All individuals whose biometric data HungerRush collected,
> captured, stored, disseminated, transmitted or otherwise used within
> the state of Illinois and during the applicable limitations period.

20.    Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class are

substantial, believed to amount to more than forty persons. It is, therefore,

impractical to join each member of the class as a named Plaintiff. Further, the

size and relatively modest value of the claims of the individual members of the

class renders joinder impractical. Accordingly, utilization of the class action

mechanism is the most economically feasible means of determining and

adjudicating the merits of this litigation. Moreover, the class are ascertainable

and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common

questions predominate over any questions affecting only individual members;

these common questions of law and fact include, without limitation:

i.    whether Defendant properly informed Plaintiff and the class that they

collected, used, and stored their biometric identifiers and/or biometric

information;

ii.    whether Defendant obtained a written release (as defined in 740 ILCS §

14/10) to collect, use, and store Plaintiff's and the class' biometric

identifiers and/or biometric information;

iii.  whether Defendant used Plaintiff's and the class' biometric identifiers and/or biometric information to identify them;

iv.  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such class. Neither Plaintiff nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the class.

(d) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many members of the class cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendant. Even if every member of the class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with the BIPA.

21.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

<u>**COUNT I**</u>
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**On behalf of Plaintiff and the Class**

22.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

23.     As discussed above, Defendant HungerRush obtained and possessed Plaintiff's and other members of the Class' biometric identifiers and biometric information as defined by 740 ILCS § 14/10.

24.     Section 15(a) of BIPA requires any entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has

been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

25.     Defendant HungerRush has failed to make publicly available any policy addressing their biometric retention and destruction practices.

26.     As a result, HungerRush has violated Section 15(a) of the BIPA.

27.     Defendant HungerRush knew, or was reckless in not knowing, that, its utilization of a biometric identity practices, which numerous Illinois residents interacted with, would be subject to 15(a), a statutory provision passed in 2008, yet failed to comply with the statute.

28.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation. 740 ILCS 14/20(1)-(2).

29.     HungerRush's violations of Section 15(a), which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, HungerRush negligently failed to comply with Section 15(a).

## **COUNT II**
### **Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b) On behalf of Plaintiff and the Class**

30.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

31.     As discussed above, Defendant collected, captured, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10.

32.     Each instance when either Defendant collected, captured, stored or otherwise obtained Plaintiff and the other members of the Class' biometric identifiers and/or information without their valid written consent and without complying with, and, thus, in violation of the BIPA.

33.     Defendant's practices with respect to capturing, collecting, obtaining, storing, and using biometrics fail to comply with applicable BIPA requirements:

(a) Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected, prior to such collection, as required by 740 ILCS 14/15(b)(1);

(b) Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

(c) Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); and

(d) Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

34.     As a result, Defendant have violated Section 15(b) of the BIPA.

35.     Defendant knew, or were reckless in not knowing, that, its utilization of a biometric identity practices, which numerous Illinois residents interacted with, would be subject to 15(b) of the BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

36.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation. 740 ILCS 14/20(1)-(2).

37.     Defendant's violations of Section 15(b), which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b).

## <u>COUNT III</u>
### Violations Of Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)
### On behalf of Plaintiff and the Class

38.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

39.     Section 15(c) of BIPA prohibits any private entity in possession of biometrics, such as Defendant HungerRush, from selling, leasing, trading, or otherwise profiting from such biometrics. 740ILCS 14/15(c).

40.     As alleged herein, Defendant HungerRush profited from the biometrics it obtained from members of the HungerRush Class, including Plaintiff, as Defendant HungerRush provides its biometric identification technology at a cost to its customers.

41.     Accordingly, Defendant HungerRush has violated Section 15(c) of BIPA.

42.     Defendant HungerRush knew, or was reckless in not knowing, that its biometric technology would be subject to the provisions of Section 15(c) of BIPA, a statutory provision in effect since 2008, yet failed to comply with the statute.

43.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

44.     Defendant HungerRush's violations of Section 15(c) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant HungerRush negligently failed to comply with Section 15(c) of BIPA.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate the BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Awarding such further and other relief as the Court deems just and equitable.

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for the Plaintiff*

FILED
ROBERT M. SPEARS
5/19/2022 11:40 AM
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

| | |
|---|---|
| BARBARA WHITE, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUNGERRUSH, LLC,<br><br>Defendant. | Case No.:  **2022-LA-0000095**<br><br><br><br>SUPREME COURT RULE 222(B) DAMAGES AFFIDAVIT |

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that this civil action seeks in excess of $50,000 on behalf of the Plaintiff and the proposed Class.

May 19, 2022

**Respectfully submitted,**

*/s/ William H. Beaumont*

_____
Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

1

FILED
ROBERT M. SPEARS
5/19/2022 3:24 PM
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

| | |
|---|---|
| BARBARA WHITE, individually and on behalf of other persons similarly situated, | Case No.: 2022-LA-0000095 |
| Plaintiff, | |
| v. | The Honorable Michael D. Risinger |
| HUNGERRUSH, LLC, | |
| Defendant | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Barbara White ("Plaintiff"), by and through undersigned counsel and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42-43. In support of this Motion, Plaintiff submits the following Memorandum of Law.

Dated: May 19, 2022

*Respectfully submitted,*

*/s/ William H. Beaumont*
Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

1

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant. Defendant captured, collected, stored, and used their biometric information and identifiers to track employees' time at work. In so doing, the Defendant violated Illinois Law by obtaining, storing, and using this data without the employees' informed and written consent, and by failing to provide the employees with the requisite data retention and destruction policies explaining how and when such biometric information will be used, stored, and destroyed. Defendant's conduct was in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

After Plaintiff learned of Defendant's wrongful conduct, Plaintiff commenced suit on behalf of a class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

I.      **THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl., ¶ 3.

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia,* that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that

person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or his biometric identifiers and/or information; (4) maintain the biometric data in a sufficiently secure manner; and (5) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15.

II.     **FACTUAL BACKGROUND**

    A.     **The Underlying Misconduct.**

Defendant have taken the biometrics of numerous individuals within the state of Illinois. Compl., ¶ 23(a). During the relevant time period in the State of Illinois, Defendant collected biometric information from individuals, including Plaintiff. *Id.* at ¶¶ 1-3. Each fingerprint extracted by the Defendant is biologically unique to the particular individual. *Id.* at ¶ 2. Defendant captured, collected, and stored Plaintiff's and other Class members' biometrics. *Id.* at ¶¶ 13-14. However, Defendant failed to obtain informed written consent from Class members, including Plaintiff, before capturing and collecting their biometric information. *Id.* at ¶¶ 15-18. Defendant failed to provide individuals, including Plaintiff, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy individuals' biometric information and/or biometric identifiers. *Id.*

Defendant does not have a policy of informing individuals, including Plaintiff, of what happens to their biometric information after it is collected and obtained, whether they still retain their biometrics, and if they do, for how long they intend to retain such information without their consent, whether the information is transmitted to a third party and, if so, which third party. *Id.* Thus, despite their practice of taking biometric information, Defendant failed to comply with

BIPA's statutory requirements regarding the collection of biometric identifiers and biometric information.

### B.      The Proposed Class

Plaintiff brings this action individual and on behalf of similarly situated individuals pursuant to 73 5 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows: All individuals whose biometric data HungerRush collected, captured, stored, disseminated, transmitted or otherwise used within the state of Illinois and during the applicable limitations period. Compl., ¶ 19. As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

### III.   ARGUMENT

### A.      Legal Standard for Class Certification

To obtain class certification, a plaintiff does not need to establish that they will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)   The class is so numerous that joinder of all members is impracticable.

(2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)   The representative parties will fairly and adequately protect the interest of the class.

(4)   The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez,* 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring

further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

## B.  The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden,* 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.,* 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.,* 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are numerous members of the Class. Compl., ¶ 20(a). Because definitive evidence of numerosity can only come from the records of Defendant and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte &

H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon,* 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801 (2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 111.2d 7, 19 (Ill. 1981); *Steinberg,* 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell,* 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information; whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and

the Class' biometric identifiers or biometric information; whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first; whether Defendant used Plaintiff's and the Class' biometric identifiers or biometric information to identify them; and whether Defendant's violations of the BIPA were committed intentionally, recklessly, or negligently. Compl., ¶ 20(b).

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis.* Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D.     The Adequate Representation Requirement is Satisfied.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner,* 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.,* 214 Ill. App. 3d 995, 1000 (1st Dist. 1991 ). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.,* 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendant's biometric timekeeping technology and Defendant captured, collected, and stored their biometrics. Compl., ¶¶ 1-4. Plaintiff has also alleged that Defendant did so without complying with BIPA's requirements. *Id.* Plaintiff's pursuit of this matter against Defendant demonstrates that they will be a zealous advocate for the Class.

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and their counsel are committed to vigorously prosecuting this class action. Compl., ¶ 20(c). Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such Class. *Id.* Neither Plaintiff nor Plaintiff's counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.  Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon,* 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon,* 224 Ill. App. 3d at 204; *Purcell &*

*Wardrope Chtd.,* 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon,* 586 N.E.2d at 467; *Eshaghi,* 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell,* 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl., ¶ 25(d). Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect

to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. *Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the requirements of 735 ILCS 512-801 have been satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Beaumont Costales LLC as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: May 19, 2022

**Respectfully submitted,**

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*



**CT Corporation**
**Service of Process Notification**
05/20/2022
CT Log Number 541611247

## Service of Process Transmittal Summary

**TO:**    Frank Dong
Revention
1315 W SAM HOUSTON PKWY N STE 100
HOUSTON, TX 77043-4022

**RE:**    **Process Served in Texas**

**FOR:**    Hungerrush, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BARBARA WHITE, individually and on behalf of other persons similarly situated vs. Hungerrush, LLC |
| **CASE #:** | 2022LA0000095 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/20/2022 at 12:29 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780105250518 |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, May 20, 2022
**Server Name:**                             Mauricio Segovia

| Entity Served | HUNGERRUSH, LLC |
|---------------|-----------------|
| Case Number   | 2022-LA-0000095 |
| Jurisdiction  | TX              |

| Inserts | | |
|---------|---|---|
|         |   |   |



| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|

Peoria COUNTY

| Instructions ▾ | | |
|---|---|---|
| Enter above the county name where the case was filed. | Barbara White<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | HungerRush, LLC<br>**Defendant / Respondent** *(First, middle, last name)* | **2022-LA-0000095**<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

| | |
|---|---|
| In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:**<br>    **a.** Defendant/Respondent's primary address/information for service:<br>        Name *(First, Middle, Last):* HungerRush, LLC<br>        Registered Agent's name, if any: C T CORPORATION SYSTEM<br>        Street Address, Unit #: 1999 BRYAN STREET SUITE 900<br>        City, State, ZIP: DALLAS, TX 75201<br>        Telephone: _____ Email: _____ |
| In 1b, enter a second address for Defendant/ Respondent, if you have one. |     **b.** If you have more than one address where Defendant/Respondent might be found, list that here:<br>        Name *(First, Middle, Last):* _____<br>        Street Address, Unit #: _____<br>        City, State, ZIP: _____<br>        Telephone: _____ Email: _____ |
| In 1c, check how you are sending your documents to Defendant/ Respondent. |     **c.** Method of service on Defendant/Respondent:<br>        ☐ Sheriff    ☐ Sheriff outside Illinois: _____<br>                                         *County & State*<br>        ☐ Special process server    ☑ Licensed private detective |

Mauricio Segovia
PSC1689 Expires 8/31/2022
2022/05/20 12:29:00

Enter the Case Number given by the Circuit Clerk:

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: ___$ in excess of 50,000___ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: ___William H. Beaumont___<br>Street Address, Unit #: ___107 W. Van Buren, Suite 209___<br>City, State, ZIP: ___Chicago, IL 60605___<br>Telephone: ___(773) 831-8000___ Email: ___whb@beaumontcostales.com___ |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4. Instructions for person receiving this *Summons* (Defendant):**<br>☑ **a.** To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: ___324 Main Street Rm: G-22___<br>City, State, ZIP: ___Peoria, IL 61602___ |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ **b.** Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>    *Date*      *Time*      *Courtroom*<br>**In-person at:**<br>_____<br>*Courthouse Address*   *City*     *State*    *ZIP*<br>**OR** |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>    *Call-in number for telephone remote appearance*<br>By video conference: _____<br>    *Video conference website*<br><br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>    *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>    *Website* |
| **STOP!**<br>The Circuit Clerk will fill in this section.<br><br>**STOP!**<br>The officer or process server will fill in the Date of Service. | 5/19/2022<br>**Witness this Date:** _____<br><br>**Clerk of the Court:** _~Robert M Spears~_ CB<br><br>**This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>    *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |



| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Peoria _____ COUNTY | | |

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Barbara White _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. HungerRush, LLC _____ **Defendant / Respondent** *(First, middle, last name)* | **2022-LA-0000095** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
          *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
　Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　Address, Unit#: _____
　City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
　member or lives there:
　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　Address, Unit#: _____
　City, State, ZIP: _____
　And left it with: _____
　　　　　　　　　*First, Middle, Last*
　Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
　and by sending a copy to this defendant in a postage-paid, sealed envelope to the
　above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
　　　　　　　　　　　　　　　*First, Middle, Last*
　Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　Address: _____
　City, State, ZIP: _____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |
|---|---|

**By:** _____

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

Under the Code of Civil Procedure, *735 ILCS 5/1-109*, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

                 _____
                 *County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____   $ _____
Total              $ 0.00 _____

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILE
ROBERT M. SPEAR
5/19/2022 11:40 AI
CLERK OF THE CIRCUIT COUR
PEORIA COUNTY, ILLINOI

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

BARBARA WHITE, individually and
on behalf of other persons similarly situated,

      Plaintiff,

v.

HUNGERRUSH, LLC,

      Defendant.

Case No. 2022-LA-0000095

**CLASS ACTION COMPLAINT**
Per Order of the Chief Judge,
this case is set for a Case Management Conference on
11/04/22 @ 9:00am in Courtroom of the 13/214
Peoria County Courthouse.
FAILURE TO ATTEND, IF THERE IS JURISDICTION,
WILL RESULT IN A DEFAULT JUDGEMENT.
Parties are to have completed or enrolled in the
Children First Program by the aforesaid CMC date.

Plaintiff Barbara White files the following Class Action Complaint against HungerRush, LLC. Plaintiff alleges the following based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.     This is an action by Barbara White ("Plaintiff") individually and on behalf of others similarly situated ("class members") to obtain damages and other equitable relief under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* ("BIPA" or "the Act").

2.     Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of HungerRush, LLC ("Defendant").

3.     Plaintiff and class members were required to provide Defendant with their personalized biometric identifiers[1] and the biometric information[2] derived therefrom ("biometric data"). Specifically, Defendant collect and store individual's fingerprints.

---

[1]    A "biometric identifier" is any personal feature that is unique to an individual, including handprints, iris scans, DNA and "fingerprints", among others.

[2]    "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

1

4.     Plaintiff and class members have not been notified where their biometric data is being stored, for how long Defendant will keep the biometric data, and what might happen to this valuable information.

5.     The State of Illinois recognized the value and importance of preserving biometric data when it passed the BIPA.

6.     Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies.

7.     If Defendant insist on collecting and storing biometric data, Defendant must comply with the BIPA. This includes (1) notifying individuals that this practice is taking place; (2) informing individuals how this practice is implemented; and (3) obtaining individuals' written consent to this practice.

8.     Unfortunately for Plaintiff and class members, none of these directives were followed.

## JURISDICTION AND VENUE

9.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conduct business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, used and profited from Plaintiff's biometric identifiers and/or biometric information in Illinois.

10.     Venue is proper in Peoria County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Peoria County, Illinois and thus resides there under § 2-102.

## PARTIES

11.     At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

2

12.     Defendant HungerRush, LLC ("HungerRush") is a foreign corporation that conducts business throughout Illinois, including in Peoria County, Illinois.

## FACTUAL ALLEGATIONS

13.     Defendant HungerRush is a developer of point of sale ("POS") systems for the restaurant industry, including POS systems with a biometric fingerprint scanner that enable businesses—primarily restaurants—to track their employees' time using a fingerprint as a means of authentication, instead of using key fobs or other identification cards.

14.     Employees at restaurants that use HungerRush's POS biometric system are required to have their fingerprints scanned in order to enroll them in its fingerprint database.

15.     Defendant did not inform Plaintiff or class members in writing that their biometric data was being recorded, obtained, collected, used and/or stored.

16.     Defendant did not inform in writing Plaintiff or class members the specific purpose and length of term for which their biometric data would be captured, collected, stored, and/or used.

17.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's or class members' unique biometric identifiers and/or biometric information.

18.     Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant were directly or indirectly sharing, disclosing, or otherwise disseminating Plaintiff's or class members' biometrics.

3

## CLASS ACTION ALLEGATIONS

19.     Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of

the following class:

> All individuals whose biometric data HungerRush collected,
> captured, stored, disseminated, transmitted or otherwise used within
> the state of Illinois and during the applicable limitations period.

20.     Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class are
substantial, believed to amount to more than forty persons. It is, therefore,
impractical to join each member of the class as a named Plaintiff. Further, the
size and relatively modest value of the claims of the individual members of the
class renders joinder impractical. Accordingly, utilization of the class action
mechanism is the most economically feasible means of determining and
adjudicating the merits of this litigation. Moreover, the class are ascertainable
and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common
questions predominate over any questions affecting only individual members;
these common questions of law and fact include, without limitation:

  i. whether Defendant properly informed Plaintiff and the class that they
  collected, used, and stored their biometric identifiers and/or biometric
  information;

  ii. whether Defendant obtained a written release (as defined in 740 ILCS §
  14/10) to collect, use, and store Plaintiff's and the class' biometric
  identifiers and/or biometric information;

4

    iii.  whether Defendant used Plaintiff's and the class' biometric identifiers and/or biometric information to identify them;

    iv.  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such class. Neither Plaintiff nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the class.

(d) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many members of the class cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendant. Even if every member of the class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with the BIPA.

21.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

<u>**COUNT I**</u>
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**On behalf of Plaintiff and the Class**

22.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

23.     As discussed above, Defendant HungerRush obtained and possessed Plaintiff's and other members of the Class' biometric identifiers and biometric information as defined by 740 ILCS § 14/10.

24.     Section 15(a) of BIPA requires any entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has

been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

25.     Defendant HungerRush has failed to make publicly available any policy addressing their biometric retention and destruction practices.

26.     As a result, HungerRush has violated Section 15(a) of the BIPA.

27.     Defendant HungerRush knew, or was reckless in not knowing, that, its utilization of a biometric identity practices, which numerous Illinois residents interacted with, would be subject to 15(a), a statutory provision passed in 2008, yet failed to comply with the statute.

28.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation. 740 ILCS 14/20(1)-(2).

29.     HungerRush's violations of Section 15(a), which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, HungerRush negligently failed to comply with Section 15(a).

### COUNT II
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)
### On behalf of Plaintiff and the Class

30.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

31.     As discussed above, Defendant collected, captured, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10.

32.     Each instance when either Defendant collected, captured, stored or otherwise obtained Plaintiff and the other members of the Class' biometric identifiers and/or information without their valid written consent and without complying with, and, thus, in violation of the BIPA.

7

33.     Defendant's practices with respect to capturing, collecting, obtaining, storing, and using biometrics fail to comply with applicable BIPA requirements:

>    (a) Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected, prior to such collection, as required by 740 ILCS 14/15(b)(1);
>
>    (b) Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);
>
>    (c) Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); and
>
>    (d) Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

34.     As a result, Defendant have violated Section 15(b) of the BIPA.

35.     Defendant knew, or were reckless in not knowing, that, its utilization of a biometric identity practices, which numerous Illinois residents interacted with, would be subject to 15(b) of the BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

36.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation. 740 ILCS 14/20(1)-(2).

37.     Defendant's violations of Section 15(b), which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b).

## COUNT III
### Violations Of Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)
### On behalf of Plaintiff and the Class

38.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

39.     Section 15(c) of BIPA prohibits any private entity in possession of biometrics, such as Defendant HungerRush, from selling, leasing, trading, or otherwise profiting from such biometrics. 740ILCS 14/15(c).

40.     As alleged herein, Defendant HungerRush profited from the biometrics it obtained from members of the HungerRush Class, including Plaintiff, as Defendant HungerRush provides its biometric identification technology at a cost to its customers.

41.     Accordingly, Defendant HungerRush has violated Section 15(c) of BIPA.

42.     Defendant HungerRush knew, or was reckless in not knowing, that its biometric technology would be subject to the provisions of Section 15(c) of BIPA, a statutory provision in effect since 2008, yet failed to comply with the statute.

43.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

44.     Defendant HungerRush's violations of Section 15(c) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant HungerRush negligently failed to comply with Section 15(c) of BIPA.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

9

a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate the BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Awarding such further and other relief as the Court deems just and equitable.

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for the Plaintiff*

FILE
ROBERT M. SPEAR
5/19/2022 11:40 AI
CLERK OF THE CIRCUIT COUR
PEORIA COUNTY, ILLINOI

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

| | |
|---|---|
| BARBARA WHITE, individually and on behalf of other persons similarly situated, | Case No.: **2022-LA-0000095** |
| Plaintiff, | |
| v. | SUPREME COURT RULE 222(B) DAMAGES AFFIDAVIT |
| HUNGERRUSH, LLC, | |
| Defendant. | |

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that this civil action seeks in excess of $50,000 on behalf of the Plaintiff and the proposed Class.

May 19, 2022

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

1

FILE
ROBERT M. SPEAR
5/19/2022 3:24 PI
CLERK OF THE CIRCUIT COUR
PEORIA COUNTY, ILLINOI

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

BARBARA WHITE, individually and
on behalf of other persons similarly situated,

        Plaintiff,

v.

HUNGERRUSH, LLC,

        Defendant

Case No.: 2022-LA-0000095

The Honorable Michael D. Risinger

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Barbara White ("Plaintiff"), by and through undersigned counsel and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42-43. In support of this Motion, Plaintiff submits the following Memorandum of Law.

Dated: May 19, 2022

*Respectfully submitted,*

*/s/ William H. Beaumont*
Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

1

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant. Defendant captured, collected, stored, and used their biometric information and identifiers to track employees' time at work. In so doing, the Defendant violated Illinois Law by obtaining, storing, and using this data without the employees' informed and written consent, and by failing to provide the employees with the requisite data retention and destruction policies explaining how and when such biometric information will be used, stored, and destroyed. Defendant's conduct was in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

After Plaintiff learned of Defendant's wrongful conduct, Plaintiff commenced suit on behalf of a class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

## I.    THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl., ¶ 3.

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia,* that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that

2

person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or his biometric identifiers and/or information; (4) maintain the biometric data in a sufficiently secure manner; and (5) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15.

## II.    FACTUAL BACKGROUND

### A.    The Underlying Misconduct.

Defendant have taken the biometrics of numerous individuals within the state of Illinois. Compl., ¶ 23(a). During the relevant time period in the State of Illinois, Defendant collected biometric information from individuals, including Plaintiff. *Id.* at ¶¶ 1-3. Each fingerprint extracted by the Defendant is biologically unique to the particular individual. *Id.* at ¶ 2. Defendant captured, collected, and stored Plaintiff's and other Class members' biometrics. *Id.* at ¶¶ 13-14. However, Defendant failed to obtain informed written consent from Class members, including Plaintiff, before capturing and collecting their biometric information. *Id.* at ¶¶ 15-18. Defendant failed to provide individuals, including Plaintiff, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy individuals' biometric information and/or biometric identifiers. *Id.*

Defendant does not have a policy of informing individuals, including Plaintiff, of what happens to their biometric information after it is collected and obtained, whether they still retain their biometrics, and if they do, for how long they intend to retain such information without their consent, whether the information is transmitted to a third party and, if so, which third party. *Id.* Thus, despite their practice of taking biometric information, Defendant failed to comply with

3

BIPA's statutory requirements regarding the collection of biometric identifiers and biometric information.

### B.    The Proposed Class

Plaintiff brings this action individual and on behalf of similarly situated individuals pursuant to 73 5 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows: All individuals whose biometric data HungerRush collected, captured, stored, disseminated, transmitted or otherwise used within the state of Illinois and during the applicable limitations period. Compl., ¶ 19. As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

### III.   ARGUMENT

### A.    Legal Standard for Class Certification

To obtain class certification, a plaintiff does not need to establish that they will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

4

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)    The class is so numerous that joinder of all members is impracticable.
>
> (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3)    The representative parties will fairly and adequately protect the interest of the class.
>
> (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez,* 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring

5

further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.      The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden,* 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.,* 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.,* 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are numerous members of the Class. Compl., ¶ 20(a). Because definitive evidence of numerosity can only come from the records of Defendant and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte &

H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon,* 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.     **Common Questions of Law and Fact Predominate**

The second requirement of Section 2-801 (2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 111.2d 7, 19 (Ill. 1981); *Steinberg,* 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell,* 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information; whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and

7

the Class' biometric identifiers or biometric information; whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first; whether Defendant used Plaintiff's and the Class' biometric identifiers or biometric information to identify them; and whether Defendant's violations of the BIPA were committed intentionally, recklessly, or negligently. Compl., ¶ 20(b).

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

**D.      The Adequate Representation Requirement is Satisfied.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991 ). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

8

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendant's biometric timekeeping technology and Defendant captured, collected, and stored their biometrics. Compl., ¶¶ 1-4. Plaintiff has also alleged that Defendant did so without complying with BIPA's requirements. *Id.* Plaintiff's pursuit of this matter against Defendant demonstrates that they will be a zealous advocate for the Class.

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and their counsel are committed to vigorously prosecuting this class action. Compl., ¶ 20(c). Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such Class. *Id.* Neither Plaintiff nor Plaintiff's counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.    Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon,* 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon,* 224 Ill. App. 3d at 204; *Purcell &*

*Wardrope Chtd.,* 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon,* 586 N.E.2d at 467; *Eshaghi,* 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell,* 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl., ¶ 25(d). Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect

to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. *Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 512-801 have been satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Beaumont Costales LLC as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

11

Dated: May 19, 2022

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

12