E-FILED
Monday, 10 October, 2022  05:08:18 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA WHITE, individually and on behalf of other persons similarly situated, | Case No.: 1:22-cv-01173 |
| Plaintiff, | |
| v. | Honorable Michael M. Mihm |
| HUNGERRUSH, LLC, | Magistrate Judge Jonathan E. Hawley |
| Defendant. | |

Plaintiff Barbara White files the following First Amended Class Action Complaint against HungerRush, LLC. Plaintiff's allegations are based on her own personal knowledge and, as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      This is an action by Barbara White ("Plaintiff") individually and on behalf of others similarly situated ("class members") to obtain damages and other equitable relief under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*. ("BIPA" or "the Act").

2.      As described in more detail below, Defendant HungerRush LLC (hereinafter "HungerRush") provides point-of-sale ("POS") systems to restaurants in the state of Illinois.

3.      In the course of providing these systems to its restaurant-clients, HungerRush collected and stored class members' personalized biometric identifiers[1] and the biometric information[2] derived therefrom ("biometric data"). Specifically, HungerRush collected and stored class members' fingerprints.

---

[1]      A "biometric identifier" is any personal feature that is unique to an individual, including handprints, iris scans, DNA and "fingerprints", among others.

[2]      "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

4.      Plaintiff and class members have not been notified where their biometric data is being stored, for how long HungerRush will keep their biometric data, and what might happen to this valuable information.

5.      The State of Illinois recognized the value and importance of preserving biometric data when it passed the BIPA.

6.      Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies.

7.      If HungerRush insists on the practice of collecting and storing biometric data, HungerRush must comply with the BIPA. This includes (1) notifying individuals that the practice is taking place; (2) informing individuals how the practice is implemented; and (3) obtaining individuals' written consent before collecting and storing their biometric data.

8.      Unfortunately for Plaintiff and class members, none of these directives were followed.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction may assert personal jurisdiction over this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d)(1)(B).

10.      This Court has personal jurisdiction over the Defendant because Defendant conducts significant business within this state. In fact, Defendant has contracted with nearly 100 restaurants in Illinois since 2017—including the restaurant where Plaintiff was employed in Peoria, Illinois. Additionally, Plaintiff's claims arise out of Defendant's unlawful in-state actions: Defendant captured, collected, used and profited from Plaintiff's biometric identifiers and/or biometric information in the state of Illinois.

2

11.     Venue is proper in the Central District of Illinois because Defendant is committing the acts alleged herein in the Central District and a substantial part of the acts and omissions giving rise to the claims asserted herein have occurred in the Central District.

## PARTIES

12.     At all relevant times, Plaintiff Barbara White has been a resident and citizen of the state of Illinois.

13.     Defendant HungerRush, LLC (formerly known as "Revention") is a foreign corporation that conducts business throughout Illinois, including this District.

## FACTUAL ALLEGATIONS

14.     HungerRush is a developer of a cloud-based POS system for the restaurant industry. In essence, HungerRush's POS system consists of software licensed and sold by HungerRush that is installed on POS terminals which HungerRush also sells.

15.     HungerRush's POS system enables restaurants to track orders, sales, and inventory.

16.     Additionally, HungerRush's POS system has a timeclock feature that enables restaurants to track their employees' time using a fingerprint as a means of authentication. In other words, restaurant employees clock-in and clock-out of work by pressing their fingerprint onto a biometric reader that is incorporated into a POS terminal running HungerRush's software.

17.     In order to use the fingerprint timeclock feature of HungerRush's POS system, an individual must first enroll their fingerprint into the system.

18.     The following are screen captures taken from an instruction manual promulgated by HungerRush that explain how to enroll an individual's fingerprint into HungerRush's POS system before using the timeclock feature:

# To register or reregister finger prints

Click on register fingerprint



a.     Once you click on the register fingerprint this will pop up



b.    You will have to provide samples by placing your finger on the fingerprint reader.

Click Exit Edit.



Click Yes when asked if you want to save the changes.



19.     All information collected from the HungerRush's POS system is stored on HungerRush's servers and made accessible to its restaurant-clients via the cloud.

20.     For example, in its marketing materials with potential customers HungerRush boasts that restaurants who use its service have "all [their] data centralized" and "100% control from anywhere."[3]

21.     HungerRush's marketing materials further advertise to restaurants that "whether you run one location or five, all your data is located in one central hub"[4] and HungerRush's POS system allows restaurants to "leverage cloud-based reporting to securely access all your data in one place."[5]

22.     Despite making these representations to potential customers, HungerRush did not inform the restaurant employees who actually use its POS system—*i.e.* Plaintiff and class members—that HungerRush's POS system collects, records, and stores class members' biometric data.

23.     HungerRush did not inform Plaintiff or class members, in writing, of the specific purpose and length of term for which their biometric data would be captured, collected, stored, and/or used.

24.     HungerRush did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data. Likewise, HungerRush never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's or class members' unique biometric identifiers and/or biometric information.

---

[3] https://www.hungerrush.com/enterprise/ (last accessed August 23, 2022)
[4] https://www.hungerrush.com/segment-foundation/ (last accessed September 1, 2022)
[5] https://www.hungerrush.com/restaurantmanagement/ (last accessed September 1, 2022)

25.    HungerRush did not disclose to Plaintiff the identities of any third parties with whom HungerRush was directly or indirectly sharing, disclosing, or otherwise disseminating Plaintiff's or class members' biometrics.

## FACTS SPECIFIC TO PLAINTIFF BARBARA WHITE

26.    In approximately 2018, HungerRush provided its POS system to a Peoria-based restaurant named "Avanti's." Plaintiff was an employee at Avanti's; and in the course and scope of her employment she both enrolled in, and routinely used, the fingerprint timeclock feature incorporated into HungerRush's POS system.

27.    During the course of Plaintiff's employment at the aforementioned restaurant, Defendant, through its biometric timeclock system, scanned, collected, and stored Plaintiff's biometric data consistent with the practices described herein at ¶¶ 14-25.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> All individuals whose biometric data HungerRush collected, captured, disseminated, transmitted or otherwise used within the state of Illinois and during the applicable limitations period.

29.    Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class are substantial, believed to amount to more than forty persons. It is, therefore, impractical to join each member of the class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and

adjudicating the merits of this litigation. Moreover, the class are ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

    i.  whether Defendant properly informed Plaintiff and class members that they collected, used, and stored their biometric identifiers and/or biometric information;

    ii.  whether Defendant obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, and store Plaintiff's and class members' biometric identifiers and/or biometric information;

    iii.  whether Defendant used Plaintiff's and class members' biometric identifiers and/or biometric information to identify them;

    iv.  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and their counsel are committed to

vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such class. Neither Plaintiff nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the class.

(d) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many members of the class cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendant. Even if every member of the class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with the BIPA.

30.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

<u>**COUNT I**</u>
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**On behalf of Plaintiff and the Class**

31.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32.     As discussed above, Defendant obtained and possessed Plaintiff's and other members of the Class' biometric identifiers and biometric information as defined by 740 ILCS § 14/10.

33.     Section 15(a) of BIPA requires any entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

34.     Defendant has failed to make publicly available any policy addressing their biometric retention and destruction practices.

35.     As a result, Defendant has violated Section 15(a) of the BIPA.

36.     Defendant knew, or was reckless in not knowing, that, its utilization of a biometric identity practices, which numerous Illinois residents interacted with, would be subject to 15(a), a statutory provision passed in 2008, yet failed to comply with the statute.

37.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation. 740 ILCS 14/20(1)-(2).

38.     Defendant's violations of Section 15(a), which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(a).

<u>**COUNT II**</u>
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)**
**On behalf of Plaintiff and the Class**

39.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

40.     As discussed above, Defendant collected, captured, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10.

41.     Each instance when either Defendant collected, captured, stored or otherwise obtained Plaintiff and the other members of the Class' biometric identifiers and/or information without their valid written consent and without complying with, and, thus, in violation of the BIPA.

42.     Defendant's practices with respect to capturing, collecting, obtaining, storing, and using biometrics fail to comply with applicable BIPA requirements:

> (a) Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected, prior to such collection, as required by 740 ILCS 14/15(b)(1);
>
> (b) Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);
>
> (c) Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); and

(d) Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

43.     As a result, Defendant have violated Section 15(b) of the BIPA.

44.     Defendant knew, or was reckless in not knowing, that, its utilization of a biometric identity practices, which numerous Illinois residents interacted with, would be subject to 15(b) of the BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

45.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation. 740 ILCS 14/20(1)-(2).

46.     Defendant's violations of Section 15(b), which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b).

<u>**COUNT III**</u>
**Violations Of Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)**
**On behalf of Plaintiff and the Class**

47.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

48.     Section 15(c) of BIPA prohibits any private entity in possession of biometrics, such as Defendant, from selling, leasing, trading, or otherwise profiting from such biometrics. 740ILCS 14/15(c).

49.     As alleged herein, Defendant profited from the biometrics it obtained from members of the Class, including Plaintiff, as Defendant provides its biometric identification technology at a cost to its customers.

50.     Accordingly, Defendant has violated Section 15(c) of BIPA.

51.     Defendant knew, or was reckless in not knowing, that its biometric technology would be subject to the provisions of Section 15(c) of BIPA, a statutory provision in effect since 2008, yet failed to comply with the statute.

52.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

53.     Defendant's violations of Section 15(c) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(c) of BIPA.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate the BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Awarding such further and other relief as the Court deems just and equitable.

*Respectfully submitted*,

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for the Plaintiff*