IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BARBARA WHITE, individually and on behalf of other persons similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 22-1206 |
| HUNGERRUSH LLC, | ) ) ) |
| Defendant. | ) |

## ORDER AND OPINION

Pending before the Court is Defendant HungerRush's Motion to Dismiss Plaintiff's Class Action Amended Complaint under 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim. For the reasons stated below, Defendant's Motion is GRANTED for lack of personal jurisdiction.

## PROCEDURAL BACKGROUND

Plaintiff initially filed her Complaint in state court and Defendant removed the case to federal court under the Class Action Fairness Act alleging that minimal diversity exists and the maximum amount in controversy exceeds $5 million. ECF No. 1. Defendant explained that it is a citizen of Delaware where it is organized and Texas, which is where its principal place of business is located, and that Plaintiff is a citizen of Illinois. ECF No. 1 at 2. Plaintiff did not attempt to remand the case but has moved forward with litigating the case in federal court. After Defendant filed its initial Motion to Dismiss, Plaintiff filed an Amended Complaint. Defendant has filed another Motion to Dismiss, and Plaintiff has now responded.

**FACTUAL BACKGROUND**

Plaintiff seeks relief under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 et seq. ("BIPA"). Plaintiff describes that Defendant HungerRush sells point-of-sale systems to restaurants in Illinois. Plaintiff claims that Defendant "collected and stored class members' personalized biometric identifiers and the biometric information derived therefrom," specifically, fingerprints. ECF No. 11 at 1. Plaintiff claims that Defendant violated Illinois law by failing to: (1) notify individuals that it was collecting and storing biometric data; (2) inform individuals how the practice is implemented; and (3) obtain written consent. *Id*. at 2.

Plaintiff's employer is a restaurant based in Peoria, Illinois, and Plaintiff alleges that she used the fingerprint timeclock feature incorporated into Defendant's point-of sale system to clock in to work. *Id*. at 3. To enroll in the timeclock feature, individuals must enroll their fingerprint into the system. Plaintiff includes screen captures of instructions from the HungerRush system that provides instructions on how to enroll a fingerprint into the system. *Id*. at 4. The screen capture indicates that there is an option to "Register Fingerprints" and directs the user the "place finger on scanner." The screen grabs indicate multiple times that this is the "Revention POS" system. *Id*. Plaintiff asserts that in marketing materials to advertise to restaurants, Defendant represents that the customers who use their product will have their data "centralized; and "100% control from anywhere." *Id*. at 6

Defendant filed a Motion to Dismiss alleging that the Court does not have personal jurisdiction over it and that Plaintiff otherwise fails to state a claim. To support its allegations that the Court lacks personal jurisdiction over it, Defendant filed an affidavit explaining that they are a Texas-based company, and that Plaintiff is wrong to assert that the system is cloud based or that any kind of data is sent to or stored by Defendant. Defendant points out that Plaintiff's allegations

that it collected or stored her biometric data are based entirely on marketing materials about a newer system called HungerRush 360 that Plaintiff did not use. Instead, as Plaintiff's screen grabs indicate, she was using Defendant's Revention system. Defendant explains that the Revention system "merely receives a pre-programed verification signal from a third-party finger-scanner, and it does not send data of any kind back to HungerRush." ECF No. 14 at 7. Accordingly, Defendant argues that its limited contact with the state of Illinois through selling a point-of-sale system to Plaintiff's employer is not enough for the Court to exercise personal jurisdiction over it. Defendant further argues that Plaintiff otherwise fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss based on lack of personal jurisdiction. A plaintiff does not need to plead facts alleging personal jurisdiction in the complaint, but once a defendant moves for dismissal for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Curry v. Revolution Laboratories*, LLC, 949 F.3d 385, 392 (7th Cir. 2020)(citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). The Court can consider affidavits when ruling on a 12(b)(2) motion to dismiss. *Purdue*, 338 F.3d at 783–84 ("once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.")). When a district court does not hold an evidentiary hearing and relies solely on written materials to rule on a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *See Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015).

## DISCUSSION

Defendant provides an affidavit explaining that the system it sold Plaintiff's employer, is not cloud based, it does not send any data to Defendant, and that the system may be paired with a third-party finger scanner. Defendant asserts that its system does not receive any finger-scan data, all that is transmitted to its system is an electronic approval signal, and that no biometric data is sent to it. Plaintiff counters that Defendant is wrongly raising merits issues that are appropriately determined at a motion for summary judgment. No party has requested an evidentiary hearing or to conduct further discovery on jurisdiction, thus this Court will not hold a hearing and will decide the matter on the pleadings, affidavits, and written materials filed in support.

### A. Evaluating Defendant's Evidence

Defendant has submitted an affidavit from its Chief Administrative Officer and General Counsel, Matthew Hoeg, to explain Defendant's contacts with the state of Illinois and how Defendant's point-of-sale system works. ECF No. 14-1. Hoeg explains that Defendant "does not manufacture and has never manufactured, any finger-scan devices or software, including finger-scan devices and software with biometric capabilities." *Id*. at 2. Hoeg continues that Plaintiff's employer purchased a point-of-sale system from Defendant and separately purchased a third-party finger-scan device. *Id*. at 3. Hoeg clarifies that the finger-scan device is operated independently with its own software and that finger-scan data is not transmitted or stored in the Revention point of sale software. *Id*. The finger-scan device only sends an approval signal to Defendant's software. *Id*. The point-of-sale system is "entirely terminal based" with no "cloud" function and "no data of any kind is transmitted from either the Revention [point of sale] system or the finger-scan device and software to HungerRush, much less stored on any of HungerRush's servers." *Id*. In short,

4

Defendant argues that given that it does not store or control Plaintiff's data— it only sold a terminal-based system to Plaintiff's employer— it cannot be haled into courts in Illinois due to lack of personal jurisdiction.

Plaintiff does not directly respond to Defendant's argument that it does not collect or store her biometric data, but states that Defendant is inappropriately arguing merits questions and that Defendant contracting with an Illinois resident is enough to establish person jurisdiction over Defendant. The Seventh Circuit is clear that "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783–84 (7th Cir. 2003). Where, as here, the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). While a plaintiff is "entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor," Plaintiff has not submitted any affidavits or other supporting material to supports her bald assertion that Defendant collects and stores her data. *See Purdue Research Found. v. Sanofi-Synthelabo*, S.A., 338 F.3d 773, 783 (7th Cir. 2003). Accordingly, for the purpose of determining whether this Court may exercise personal jurisdiction over Defendant, the Court credits the evidence Defendant submitted via sworn affidavit. The Court will consider Defendant's affidavit as unrebutted by Plaintiff.

**B. Plaintiff has not met her burden to establish personal jurisdiction.**

Federal courts sitting in diversity "must apply the personal jurisdiction rules of the state in which [they] sit." *Kipp v. Ski Enterps. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). Illinois courts exercise personal jurisdiction up to the limits of the standard for federal due process: that the defendant has sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also* 735 ILCS 5/2-209(c).

There are two categories of personal jurisdiction: general and specific. *Kipp*, 783 F.3d at 697. General jurisdiction exists when a defendant's contacts with the forum State are "so constant and pervasive as to render it essentially at home in the forum State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 121, (2014)). Specific jurisdiction exists when "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010); *Brook*, 873 F.3d at 549, 552 (7th Cir. 2017). Plaintiff concedes it cannot prove that there is general jurisdiction over HungerRush in the state of Illinois. ECF No. 18 at 3. Accordingly, all that is left for the Court to assess is whether it maintains specific jurisdiction over Defendant.

For a Court to exercise specific jurisdiction over a defendant, "it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 780 (7th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). Standing alone, the fact that a foreign party has formed a contract with an in-state party is often insufficient to supply the

minimum contacts required by the Constitution. *Burger King*, 471 U.S. at 478. In determining whether the contract subjects that Defendant to jurisdiction in the state, courts consider "(1) who initiated the transaction; (2) where the contract was negotiated; (3) where the contract was formed; and (4) where performance of the contract was to take place." *Estate of Isringhausen ex rel. Isringhausen v. Prime Contractors & Assocs.*, Inc., 883 N.E.2d 594, 600–01 (Ill. App. 2008).

Plaintiff asserts that her complaint establishes that Defendant has minimum contacts with the state and that her claims relate to those contacts which is all that is required to establish personal jurisdiction over Defendant. ECF No. 18 at 3. However, since Defendant submitted affidavits to support its assertion that this Court does not personal jurisdiction over it, "plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 84. Plaintiff points to the contracts that Defendant has with Illinois restaurants as the basis for Defendant's contact with the state and asserts that since Defendant violated her biometric privacy rights, she has established that her claims relate to Defendant's contacts with the state of Illinois. ECF No. 18 at 5.

Plaintiff also observes that the Seventh Circuit has used a "reasonably foreseeable" test to determine whether the claim related to a defendant's contacts with the state. ECF No. 18 at 4–5 (citing *Ubid, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 430 (7th Cir. 2010)). The Seventh Circuit has clarified that, "out-of-state residents may avail themselves of the benefits and protections of doing business in a forum state, but they do so in exchange for submitting to jurisdiction in that state for claims arising from or relating to those activities." *GoDaddy*, 623 F.3d at 430. Here, however, Defendant explains that it was Plaintiff's Illinois-based employer who initiated the transaction with it and that any contracts it makes with Illinois restaurants are made in Texas with Illinois restaurants reaching out to Defendant. Defendant further explained that the point-of-sale

system is entirely terminal based with no cloud functions, just the various terminal devices and printers locally networked together with "either a main terminal or a back-office computer found at the store." ECF No. 14-1 at 3.

The Seventh Circuit has expressed concern over a plaintiff's "bare" allegations being enough to establish personal jurisdiction over defendants because "plaintiffs could drag defendants to remote forums for protracted proceedings even though there were grave reasons for questioning whether the defendant was actually suable in those forums." *Stauffacher v. Bennett*, 969 F.2d 455, 460 (7th Cir. 1992) (*superseded on other grounds* by Fed. R. Civ. P. 4(k)(2)). Plaintiff has not attempted to counter Defendant's affidavit and Defendant specifically explains that Plaintiff identified the wrong point of sales system, which was not sold at all during the relevant time period and the screen shots from Plaintiff's complaint confirm that she was using a different system. Defendant further explains that it does not and has never manufactured a fingerprint scanner. The Court agrees with Defendant that this dispute cannot reasonably be alleged to be related to Defendant's contact with the state and it is not reasonably foreseeable that Defendant would be sued related to Plaintiff's employer deciding to use Plaintiff's fingerprints to clock her into work using a third-party scanner that does not send any biometric information to Defendant. While this may overlap with Plaintiff's factual allegations, Defendant puts forth a straightforward explanation for why the Court lacks jurisdiction and in-part uses Plaintiff's own Complaint to support it. Plaintiff does not offer evidence or an adequate explanation. Accordingly, Plaintiff has failed to meet her burden of establishing personal jurisdiction and dismissal on this basis alone is appropriate.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [13], is GRANTED and Plaintiff's Complaint is DISMISSED without prejudice for lack of personal jurisdiction.

ENTERED this 28th day of March, 2023.

                                                        /s/ Michael M. Mihm
                                                         Michael M. Mihm